# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NATIONWIDE AGRIBUSINESS INSURANCE
COMPANY as Subrogee of Utica Energy,

      Plaintiff,

  v.                        Case No. 08-C-511

BEL-PRO FIRE SPECIALISTS, INC., C.R. MEYER
AND SONS COMPANY, BARR-ROSEN (USA), INC.,
K. KRANSKI & SONS, INC., KIDDE-FENWAL, INC.,
d/b/a CHEMETRON FIRE SYSTEMS,

      Defendant.

## ORDER ADOPTING PROTECTIVE ORDER

This matter is before me as the parties have filed a stipulation for entry of a Protective Order. The parties have submitted a proposed Protective Order which addresses pretrial discovery that may contain sensitive, confidential information of both parties and non-parties from whom discovery may be sought. The parties are seeking to protect such information from unnecessary public release. An agreement such as the one the parties have entered into serves the important purpose of expediting discovery without requiring the court to pass on every document arguably responsive to a discovery request that a party desires to withhold from public scrutiny. The protective order adopting their agreement will therefore be entered, but with the following proviso.

The parties should understand that there are no guarantees that documents they designate "confidential", once made a part of the record before the Court, will remain confidential and maintained under seal. The long-standing tradition in this country is that litigation is open to the public. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Calling a

settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination). Many a litigant would prefer that the subject of the case-how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on-be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."); *see also Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006)("What happens in the federal courts is presumptively open to public scrutiny."). The records and decisions of the courts should be within the public's view to allow the public access to the reasoning upon which judicial decisions rest. *See Leavell* at 567. For this reason, the parties should be aware that the Court is not bound by the designation of material as confidential by the parties under the Protective Order and, to the extent necessary to reveal the Court's reasoning process, material bearing such a designation that is made a part of the record may be disclosed absent a showing of good cause. Under certain circumstances, third parties can also challenge the parties' designation of information made a part of the record as confidential. S*ee Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36-37 (1984). Furthermore, in the event an appeal is taken any order of this Court, no part of the record will remain sealed absent a specific finding of good cause by the Court. Subject to this proviso, the Protective Order submitted by the parties is hereby adopted by the Court.

**SO ORDERED** this   24th   day of February, 2009.

s/ William C. Griesbach
William C. Griesbach
United States District Judge